IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEMONT AIRCRAFT CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>COOLER MASTER USA, INC.<br>BEST BUY CO., INC.;<br>BESTBUY.COM, LLC.<br><br>    Defendants. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR INFRINGEMENT OF PATENTS

Plaintiff for its complaint against Defendants alleges as follows:

### The Parties

1. Plaintiff Lemont Aircraft is a Connecticut corporation having a principal place of business at 350 East Main Street, Ansonia, Connecticut 06401.

2. Upon information and belief, Defendant Cooler Master USA is a California corporation having a principal place of business at 4820 Schaefer Ave., Chino, California 91710.

3. Upon information and belief, Defendant Best Buy Co., Inc. ("Best Buy") is a Minnesota Corporation, having a principal place of business at 7601 Penn Avenue South, Richfield, Minnesota 55423, and 11 retail establishments in Connecticut including locations in West Hartford, Meriden, and Norwalk, among others.

4. Upon information and belief, Defendant BestBuy.com, LLC ("BestBuy.com") is a Minnesota Limited Liability Company, having a principal place of business at 7601 Penn Avenue South, Richfield, Minnesota 55423.

## Jurisdiction and Venue

5. This action by Lemont is for damages and injunctive relief from patent infringement by Defendants, and arises under the United States Patent Laws, particularly 35 U.S.C. §271 et seq. Subject matter jurisdiction is based on 28 U.S.C. §1331 and 1338(a). Venue is based on 28 U.S.C. §§1391(b), 1391(c), and 1400(b).

6. Upon information and belief, Cooler Master USA imports, sells, offers to sell, supplies and/or distributes computer cooling fans, computer heat sinks, and other computer products and/or components in Connecticut and is subject to personal jurisdiction in this District.

7. Upon information and belief, Best Buy imports, sells, offers to sell, supplies and/or distributes computer cooling fans, computer heat sinks, and other computer products and/or components in Connecticut and is subject to personal jurisdiction in this District.

8. Upon information and belief, BestBuy.com imports, sells, offers to sell, supplies and/or distributes computer cooling fans, computer heat sinks, and other computer products and/or components in Connecticut and is subject to personal jurisdiction in this District.

### The Patents

9. Plaintiff is the owner of the entire right, title, and interest in and to United States Patent No. 5,292,088 ("the '088 patent"), entitled "Propulsive Thrust Ring System", which was duly and legally issued by the United States Patent and Trademark Office on March 8, 1994 in the name of the inventor, Harold E. Lemont (a copy of the '088 patent is attached as Exhibit A).

10. Plaintiff is the owner of the entire right, title, and interest in and to United States Patent No. 5,470,202 ("the '202 patent"), entitled "Propulsive Thrust Ring System", which was duly and legally issued by the United States Patent and Trademark Office on November 28, 1995 in the name of the inventor, Harold E. Lemont (a copy of the '202 patent is attached as Exhibit B).

11. The '088 patent and the '202 patent are herein collectively referred to as "the Lemont patents."

### Cooler Master USA's Acts Giving Rise to this Action

12. Upon information and belief, Cooler Master USA has imported, offered for sale, and/or sold computer cooling fans with a ring system and/or products that incorporate a computer cooling fan(s) with a ring system, in the state of Connecticut including but not limited to the following:

- Cooler Master Vortex 752 (Part. No. RR-CCH-P912-GP)
- Cooler Master DK 8-9 GD4A-OL-GP
- Hyper TX2 (Part. No. RR-CHH-L9U1-GP)
- Cooler Master CI5-9HDSF-PL-GP Cooler

- Cooler Master DI5-9HDSF-0L-GP Cooler
- Cooler Master DI5-9HDSL-0L-GP Cooler
- Cooler Master DI5-9HDSL-0L-GP Cooler
- Cooler Master DK8-9ID4B-0L-GP Cooler

and other similar computer cooling fans having different designations.

13. Exhibit C includes screen shots from the product index on Cooler Master's website containing all of the listed products in Paragraph 12.

14. Exhibit D includes the product listing for the Cooler Master Vortex 752 from Cooler Master's website.

15. Exhibit E includes an August 2009 printout from Cooler Master USA's online store (www.cmstore.coolermaster-usa.com) shopping cart displaying for sale a Hyper TX2 and Vortex 752 including pricing and shipping rates to Stamford, CT 06905.

16. Exhibit F includes November 2007 printouts from the website of electronics retailer CompUSA, showing the availability of the Cooler Master Vortex 752 at CompUSA's Orange, Connecticut retail store.

17. Exhibit G includes an April 2009 printout from the website of the online retailer Newegg.com Inc. (www.newegg.com) offering for sale the Cooler Master DK 8-9 GD4A-OL-GP.

18. Upon information and belief, Cooler Master USA has and still is directly infringing, contributing to, and/or inducing infringement of the Lemont patents pursuant to 35 U.S.C. § 271 et. seq. by making, selling, offering for sale, importing, and/or using the Infringing Products without the authorization of the Plaintiff. Cooler Master USA's

infringement continues in willful disregard of Plaintiff's rights making this case exceptional under 35 U.S.C. § 285 and entitling Plaintiff to recover multiple damages, costs, and attorney's fees.

19. Plaintiff has been damaged by Defendant Cooler Master USA's infringement of the Lemont patents, and claims all damages, including but not limited to all lost profits and/or reasonable royalties, to which it is entitled.

20. The harm to Plaintiff resulting from the infringing acts of Cooler Master USA is irreparable, continuing, not fully compensable by money damages and will continue unless enjoined by this Court.

### Best Buy's Acts Giving Rise to this Action

21. Upon information and belief, Best Buy maintains retail stores in Connecticut.

22. Upon information and belief, Best Buy is an importer, distributer and/or retailer of computer cooling fans, computer heat sinks, and other computer components for sale and distribution within the United States, under the trademark Rocketfish.

23. Upon information and belief, Best Buy imports, offers to sell and sells computer cooling fans with a ring system and/or products that incorporate a computer cooling fan(s) with a ring system, including but not limited to, the Rocketfish – Universal CPU Cooler (Model: RF:-UCPUCF; SKU: 8926139). The product listing from Best Buy's website for this product is attached as Exhibit H.

24. Upon information and belief, the Rocketfish – Universal CPU Cooler (Model: RF:-UCPUCF; SKU: 8926139) is a Cooler Master Vortex 752 repackaged under the Rocketfish brand.

25. Exhibit I is a product listing from www.bestbuy.com showing that the Rocketfish – Universal CPU Cooler is available at a Best Buy Store in Trumbull, Connecticut.

26. Exhibit J is a product listing from www.bestbuy.com showing that the Rocketfish – Universal CPU Cooler is available at a Best Buy Store in Meriden, Connecticut.

27. Upon information and belief, Defendant Best Buy has been and still is directly infringing, contributing to, and/or inducing infringement of the Lemont patents pursuant to 35 U.S.C. § 271 et. seq. by selling, offering for sale, importing, supplying, and/or using the Rocketfish – Universal CPU Cooler and related products without the authorization of the Plaintiff. Best Buy's continued infringement constitutes a willful disregard of Plaintiff's rights making this case exceptional under 35 U.S.C. § 285 and entitling Plaintiff to recover multiple damages, costs, and attorney's fees.

28. Plaintiff has been damaged by Defendant Best Buy's infringement of the Lemont patents, and claims all damages, including but not limited to all lost profits and/or reasonable royalties, to which it is entitled.

29. The harm to Plaintiff resulting from the infringing acts of Best Buy is irreparable, continuing, not fully compensable by money damages and will continue unless enjoined by this Court.

### BestBuy.com's Acts Giving Rise to this Action

30. Upon information and belief, BestBuy.com is an importer, distributer and/or retailer of computer cooling fans, computer heat sinks, and other computer components for sale and distribution within the United States, under the trademark Rocketfish.

31. Upon information and belief, BestBuy.com imports, offers to sell and/or sells computer cooling fans with a ring system and/or products that incorporate a computer cooling fan(s) with a ring system, including but not limited to, the Rocketfish – Universal CPU Cooler (Model: RF:-UCPUCF; SKU: 8926139). The product listing from www.bestbuy.com for this product is attached as Exhibit H.

32. Upon information and belief, BestBuy.com sells and offers to sell the Rocketfish – Universal CPU Cooler in Connecticut. The product listing from www.bestbuy.com showing this product's availability is attached as Exhibits I and J.

33. Upon information and belief, Defendant BestBuy.com has been and still is directly infringing, contributing to, and/or inducing infringement of the Lemont patents pursuant to 35 U.S.C. § 271 et. seq. by selling, offering for sale, importing, supplying, and/or using the Rocketfish – Universal CPU Cooler and related products without the authorization of the Plaintiff. BestBuy.com's continued infringement constitutes a willful disregard of Plaintiff's rights making this case exceptional under 35 U.S.C. § 285 and entitling Plaintiff to recover multiple damages, costs, and attorney's fees.

34. Plaintiff has been damaged by Defendant BestBuy.com's infringement of the Lemont patents, and claims all damages, including but not limited to all lost profits and/or reasonable royalties, to which it is entitled.

35. The harm to Plaintiff resulting from the infringing acts of BestBuy.com is irreparable, continuing, not fully compensable by money damages and will continue unless enjoined by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

A. A finding by the Court that Defendants' activities have resulted in infringement of Lemont's patents.

B. That a preliminary and permanent injunction be entered against the Defendants, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with the Defendants who receive actual notice of the injunction by personal service or otherwise, from any further infringement of the '088 patent and the '202 patent pursuant to 35 U.S.C. § 283;

C. That Plaintiff be awarded its damages, suffered by reason of the Defendants' infringement of the '088 patent and the '202 patent, together with prejudgment interest;

D. That the damages awarded to Plaintiff be trebled pursuant to 35 U.S.C. § 284 due to the willful acts of infringement committed by Defendants;

    E.    That this be declared an exceptional case pursuant to 35 U.S.C. § 285;

    F.    That Plaintiff be awarded its attorneys fees and costs; and

    G.    That Plaintiff be awarded any other and further relief that this Court may deem just and proper.

Date: 9/30/09

Respectfully submitted,

Richard J. Basile, ct20491
Benjamin C. White, ct27211
Michael J. Kosma, ct27906
ST.ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut 06905
Telephone: (203) 324-6155
Telecopier: (203) 327-1096
Email: litigation@ssjr.com

Attorneys for Plaintiff